VILLAGE OF DODGE, APPELLEE, V. WALTER A. GUIDINGER, APPELLANT.

FILED JUNE 29, 1910.   No. 16,094.

Occupation Tax: PRACTICING MEDICINE. Village trustees may for the purpose of raising revenue lawfully enact an ordinance levying a tax upon the occupation of practicing medicine within the village limits.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Allen Johnson,* for appellant.

*F. W. Button,* contra.

ROOT, J.

This is an action to recover judgment for an occupation tax. The plaintiff prevailed, and the defendant appeals.

1. The defendant succinctly states the issue: "The question involved in this case is simply whether or not villages in Nebraska may legally lay and collect a tax on the vocation of a physician." The plaintiff is authorized by section 8920, Ann. St. 1909, "to raise revenue by levying and collecting a license tax on any occupation or busi-

ness within the limits of the city or village, and regulate the same by ordinance." Similar statutes have been approved by this court. *Western Union Telegraph Co. v. City of Fremont,* 39 Neb. 692, and cases there cited.

The defendant contends that practicing medicine is neither a business nor an occupation, but a profession; that, since the statute and the ordinance are silent concerning professions, the tax sought to be collected is void. The word "occupation" is a generic term. *Schuchardt v. People,* 99 Ill. 501. An occupation is "that to which one's time and attention are habitually devoted; habitual or stated employment; vocation; calling; trade; business." Century Dictionary. And a vocation is defined in the same dictionary as "employment; occupation; avocation; calling; business; trade; including professions as well as mechanical occupations." In Thesaurus (March) Dictionary of the English Language the word "profession" is defined as "the occupation, if not agricultural, mechanical, or the like, which one follows." See, also, Webster's Dictionary. In our opinion a physician practicing medicine as a business is engaged in an occupation within the meaning of the statute, and the plaintiff under the legislative grant of authority had power to levy and collect a tax upon the defendant's occupation or business. *Lent v. Portland,* 42 Or. 488.

2. The defendant argues that the plaintiff may only license such vocations as it may regulate in the exercise of the police power, and that the practice of medicine is not subject to such regulations. The statute authorizes the imposition of occupation taxes for the purpose of raising revenue. The taxing power, therefore, is the source of the plaintiff's authority to demand from the defendant the tax in question. The power of the legislature to raise revenue by levying a license tax upon occupations is elaborately discussed and definitely determined in *Rosenbloom v. State,* 64 Neb. 342. See, also, *State v. Boyd,* 63 Neb. 829. The question is no longer an open one in this state. The ordinance imposes a uniform tax upon the occupa-

tion of practicing medicine in the village of Dodge. There is no suggestion that the amount is excessive, nor would the record support that contention if made.

There is no error in the record, and the judgment of the district court is

AFFIRMED.