NIMROD W. NORRIS, APPELLANT, v. CITY OF LINCOLN, APPELLEE.

FILED MAY 17, 1913. No. 17,253.

1. Licenses: OCCUPATION TAX: CONSTITUTIONALITY. It is not the purpose of the fourteenth amendment to prevent the states from classifying the subjects of legislation and making different regulations as to the property of different individuals differently situated. The provision of the federal constitution is satisfied if all persons similarly situated are treated alike in privileges conferred or liabilities imposed. *Field v. Barber Asphalt Paving Co.*, 194 U. S. 618.

2. ———: ———: ———. The provision of section 1, art. IX of the constitution of this state, authorizing the taxation of persons engaged in certain occupations, in such a manner as the legislature shall direct by general law uniform as to the classes upon which it operates, forbids partiality and favoritism, and makes equality before the law a rule of legislative action. It does not, however, forbid reasonable classification of persons for the purpose of taxation. *Rosenbloom v. State*, 64 Neb. 342.

3. ———: ———: CLASSIFICATION OF OCCUPATIONS: POWER OF MUNICIPALITIES. When a city charter authorizes a municipality to require by ordinance a license tax of persons engaged in any occupation, trade, or business carried on within the corporate limits of the city, the municipal authorities may by ordinance classify the different occupations for taxation, and impose different taxation in different amounts upon the different classes; and a classification made by such authorities will not be interfered with by the courts, unless it manifestly appears that it is unreasonable and arbitrary.

4. ———: ———: CITY ORDINANCE: VALIDITY. The classification of persons lending money upon chattel security in a different class from chartered banks, negotiators of loans on realty, real estate agents, and dealers in bonds and stocks, and the imposition of a tax differing in amount upon such money-lenders from that imposed upon such other classes, is not so wanting in reason that the ordinance providing for such classification will be declared void as being entirely arbitrary.

5. ———: ———: ———: ———. An ordinance providing a fine and imprisonment as a means of enforcing a license tax does not trench upon the constitution of this state. *Rosenbloom v. State*, 64 Neb. 342.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Burr, Greene & Greene,* for appellant.

*Fred C. Foster* and *D. H. McClenahan,* contra.

BARNES, J.

This is a suit in equity brought by Nimrod W. Norris, a citizen of the United States, a citizen and taxpayer of this state, and of the city of Lincoln, on behalf of himself, William M. Dennis, the Lincoln Loan Company, and the National Loan Company, other taxpayers similarly situated, against the city of Lincoln to enjoin the collection of an occupation tax of $50 a year on the business or occupation of loaning money on chattel security. A restraining order was granted, but on the trial of the cause the order was vacated, the plaintiff's action was dismissed, and from that judgment he brought the case to this court. After the cause was docketed here the plaintiff departed this life, and William M. Dennis, one of the parties in interest, was allowed to prosecute the appeal.

Many reasons are assigned for a reversal of the judgment of the district court, but only three of them are argued in the brief of the appellant. Assignments of error not mentioned in the plaintiff's brief will be treated as waived, and will not be considered by the court.

There is no dispute about the facts of this case. It appears by the stipulation, found in the bill of exceptions, that by section 9 of the general occupation tax ordinance of the city of Lincoln it was provided as follows: "Any person, firm or corporation engaged in the business of loaning money upon chattel security shall pay an occupation tax of $50 per year." It was further stipulated that the school and sanitary districts, the county of Lancaster, and the state of Nebraska have assessed taxes against the property of the plaintiff proportionately to the taxes assessed against the property of others, in addition to the tax provided for by the general tax ordinance, and the city of Lincoln has not assumed nor attempted in any manner to regulate the business of loaning money upon chattel security otherwise than requiring an occupation tax of those engaged in that business. It is alleged in the plaintiff's petition that the ordinances of the defendant city provide for the collection of the occupation tax in question by a civil suit in any court of competent jurisdiction, and, further, that any person refusing to pay the tax shall be liable to a fine and imprisonment. We find no evidence in the record tending to support the last mentioned allegation. The record contains some evidence, however, tending to support the allegation that the city is threatening to and is about to collect the tax in question.

1. Appellant assails the validity of the ordinance in question as violative of the fourteenth amendment to the federal constitution, which provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." It is argued that the business in question is not such as the legislature might prohibit outright, because detrimental to the public interests, or against the public health or public morals, but is lawful in itself. It is further stated that the legislation is not directed against all engaged in the business of loaning money, is not directed against those loaning money for hire, but is directed arbitrarily and without reason against those engaged in the business of

loaning money upon chattel security, without paying the municipal government for the privilege; and a failure to pay the tax is unlawfully made the subject of punishment by a fine or imprisonment. These questions have been ably presented by appellant's counsel, and it may be conceded that there is some conflict in the authorities; but, after an exhaustive review of the judicial decisions in this and other states, we are of opinion that the ordinance in question is sustained by the greater number and better considered cases.

The charter of the defendant city provides, among other things, that the city shall have the power "To raise revenues by levying and collecting a license or occupation tax on any person, partnership, corporation or business within the limits of the city, and regulate the same by ordinance, except as otherwise in this act provided. All such taxes shall be uniform in respect to the class upon which they are imposed; provided, however, that all scientific and literary lectures and entertainments shall be exempt from such taxation, as well as concerts and all other musical entertainments given exclusively by the citizens of the city." Comp. St. 1911, ch. 13, art. I, sec. 129, subd. 14.

*City Council of Augusta v. Clark & Co.*, 124 Ga. 254, was a case where the city imposed an occupation tax upon persons loaning money upon personal property or personal security, placing them in a different class from chartered banks, negotiators of loans on real estate, real estate agents, and dealers in bonds and stocks. It was contended that the ordinance was void for the reasons urged by appellant in the case at bar. It was there said: "When a city charter authorizes a municipality to require by ordinance a license tax of persons engaged in any occupation, trade, or business carried on within the corporate limits of the city, the municipal authorities may by ordinance classify the different occupations for taxation, and impose different taxes in different amounts upon the different classes; and a classification made by such authorities will not be interfered with by the courts, un-

less it manifestly appears that the classification is unreasonable and arbitrary." It was further said: "The classification of persons lending money upon personal property or personal security in a different class from chartered banks, negotiators of loans on realty, real estate agents, and dealers in bonds and stocks, and the imposition of a tax differing in amount upon such moneylenders from that imposed upon such other classes, is not so wanting in reason that the ordinance providing for such classification will be declared void as being entirely arbitrary." We find that the rule above stated is supported by *Cowart v. City Council of Greenville*, 67 S. Car. 35, 45 S. E. 122; *State v. Wickenhoefer*, 6 Del. 120; *Bradley & Co. v. City of Richmond*, 110 Va. 521, 66 S. E. 872; *Dewey v. Richardson*, 206 Mass. 430; *Sanning v. City of Cincinnati*, 81 Ohio St. 142.

The supreme court of the United States in *Field v. Barber Asphalt Paving Co.*, 194 U. S. 618, said: "It is not the purpose of the fourteenth amendment, as has been frequently held, to prevent the states from classifying the subjects of legislation and making different regulations as to the property of different individuals differently situated. The provision of the federal constitution is satisfied if all persons similarly situated are treated alike in privileges conferred or liabilties imposed." *Kentucky Railroad Tax Cases*, 115 U. S. 321; *Hayes v. State of Missouri*, 120 U. S. 68; *Magoun v. Illinois Trust & Savings Bank*, 170 U. S. 283; *Gulf, C. & S. F. R. Co. v. Ellis*, 165 U. S. 150; *In re Home Discount Co.*, 147 Fed. 538.

Adopting the views expressed by the foregoing authorities, we are of opinion that the ordinance in question is not violative of the fourteenth amendment.

2. It is next contended that the ordinance is violative of the constitution of this state, in that it contravenes section 3, art I of that instrument, which provides: "No person shall be deprived of life, liberty or property without due process of law." This contention seems to have been conclusively answered in *Rosenbloom v. State*,

64 Neb. 342, wherein *State v. Green,* 27 Neb. 64, *Magneau v. City of Fremont,* 30 Neb. 843, and *Templeton v. City of Tekamah,* 32 Neb. 542 (cases cited by counsel for the appellant) are expressly overruled. In that case the court said: "The argument is that the law taxing peddlers trenches in various ways upon the constitution, and is therefore void. It is said in the first place that the object of the legislation is to raise county revenue, and that revenue measures cannot, in this state, be enforced by the infliction of fines or penalties. We agree with counsel in the view that the primary and paramount, if not the only, object of the law is to raise revenue by imposing a tax upon the business of peddling. The only thing the peddler is required to do is to pay his tax, and exhibit the appropriate evidence of payment to any person who may wish to see it. The only thing he is forbidden to do is to pursue his calling without having first paid the tax. No police inspection or supervision is provided for. If the things commanded and forbidden are to be regarded as features of regulation or repression, they are not, to say the least, so pronounced or conspicuous as to suggest the idea that the law is referable to the police power, rather than to the power of taxation. But granting the contention of counsel for defendant that the statute is a revenue measure, pure and simple, we are not able to discover any valid objection to the enforcement of it in the manner provided by the legislature."

In *Village of Dodge v. Guidinger,* 87 Neb. 349, it appears that the trustees of the village, for the purpose of raising revenue, passed an ordinance levying a tax upon the occupation of practicing medicine within the village limits. The validity of this ordinance was challenged; and, upon an appeal to this court, it was said: "The defendant argues that the plaintiff may only license such vocations as it may regulate in the exercise of the police power, and that the practice of medicine is not subject to such regulations. The statute authorizes the imposition of occupation taxes for the purpose of raising revenue.

The taxing power, therefore, is the source of the plaintiff's authority to demand from the defendant the tax in question. The power of the legislature to raise revenue by levying a license tax upon occupations is elaborately discussed and definitely determined in *Rosenbloom v. State*, 64 Neb. 342. See, also, *State v. Boyd*, 63 Neb. 829. The question is no longer an open one in this state. The ordinance imposes a uniform tax upon the occupation of practicing medicine in the village of Dodge. There is no suggestion that the amount is excessive, nor would the record support that contention if made."

In the case at bar the city, by the ordinance complained of, imposed an occupation tax of $50 a year upon any person, firm or corporation engaged in the business of loaning money upon chattel security. It is not claimed by the appellant that this tax is excessive, and it is apparent that it applies equally and without discrimination to all persons, firms or corporations engaged in that particular occupation. Therefore, it is not objectionable on the ground of being class legislation. *Trainor v. Maverick Loan & Trust Co.*, 80 Neb. 626; *Aachen & Munich Fire Ins. Co. v. City of Omaha*, 72 Neb. 518; *Nebraska Telephone Co. v. City of Lincoln*, 82 Neb. 59. Neither is the ordinance vulnerable to the objection that it imposes double taxation. *Mercantile Incorporating Co. v. Junkin*, 85 Neb. 561; *Nebraska Telephone Co. v. City of Lincoln, supra; City of York v. Chicago, B. & Q. R. Co.*, 56 Neb. 572.

From a consideration of the foregoing authorities, we are of opinion that the demurrer to the plaintiff's evidence was properly sustained, and the trial court did not err in setting aside the temporary restraining order, and dismissing the plaintiff's action. The judgment of the district court is therefore

                                   AFFIRMED.

REESE, C. J., FAWCETT and SEDGWICK, JJ., concur.

LETTON, ROSE and HAMER, JJ., not sitting.