STATE, EX REL. C. F. STOCKWELL ET AL., APPELLEES, v. J. H. BERRYMAN ET AL., APPELLANTS.

FILED MAY 17, 1918.  No. 20265.

1. Statutes: AMENDMENT.  Chapter 120, Laws 1915, and section 6833, Rev. St. 1913, all relating to county high school districts, construed, and *held* to be in harmony with section 11, art. III of the Constitution.

2. ————: COUNTY HIGH SCHOOL ACT: VALIDITY.  An act of the legislature that by its terms relates alike to all the counties in the state that do not have within the county a duly accredited high school is not objectionable as class legislation, such act by its terms including all counties in that class.

3. Mandamus: STATUTORY DUTY: COUNTY HIGH SCHOOL.  Where the regents of a county high school district without sufficient cause refuse in a proper case to perform a statutory duty with respect to such district, a resort may properly be had to the writ of mandamus to compel performance.

4. County High School: DISCONTINUANCE.  The law requires each county in the state to maintain a county high school, "in which there is not now located a twelfth grade high school accredited to the state university," and after such school is established the establishment of a precinct high school in the county will not cause the county high school to be discontinued.

APPEAL from the district court for Rock county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*J. A. Douglas,* for appellants.

*H. J. Miller,* and *J. A. Donohoe, contra.*

Dean, J.

This is a proceeding in mandamus commenced on July 6, 1917, by relators to compel respondents, who constitute the board of regents of the Rock county high school district, to convene and "proceed to secure a suitable and proper building or buildings within which the said high school may be maintained, to properly furnish and equip the same for that purpose, to employ a suitable and competent superintendent and assistant teachers and other employees as may be necessary and required to maintain said school, and to make and enter into contracts with such employees for their service, and to make an estimate of the amount of funds required for the support of said high school during the fiscal year next ensuing; said estimate to be made and delivered forthwith to the county board of Rock county." The relators, who are plaintiffs and appellees, prevailed, and respondents, who are defendants and appellants, have brought the case here for review.

In their answer respondents admitted that they had not purchased a school site nor leased a school building nor employed a superintendent or teachers for the ensuing year, nor made an estimate of the funds required for the support of the county high school for the fiscal year of 1917. They denied generally all other allegations of the petition. For affirmative defense respondents, among other things, allege: "That in the year 1915 the board of regents of the Rock county high school, and in the ensuing school year, conducted a county high school," using a part of the Bassett schoolhouse for that purpose. "That in the year 1916 the school districts of the county, by their directors assembled," elected regents, "and the regents so elected, to the end that there might be a real county high school in Rock county, employed teachers and conducted a county high school in the school year commencing in

1916 in the upper part of the aforesaid Bassett school-house.''

In their argument respondents assail chapter 120, Laws 1915, as being repugnant to that part of section 11, art. III of the Constitution of Nebraska, which reads: ''No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed.'' In *Peterson v. Anderson,* 100 Neb. 149, in which this same county high school is considered, it was held that the county high school was duly established, and that the act of 1915 is not in conflict with the act of 1913. The 1915 act amends a section of the complete act and is germane thereto, and it repeals the section amended, and therefore is in conformity with the requirements of section 11, art. III of the Constitution.

On the merits respondents argue that the law does not require them to lease buildings or experimental grounds for a county high school, where neither buildings nor grounds have been provided by the county commissioners, and where the regents have no funds for that purpose, and they insist that the discretion of respondents in the premises cannot be controlled by mandamus. Respondents occupy a statutory office that requires intelligent and constructive action, but they neither act as is their duty, nor do they resign as is their right, but instead they formally notify the county board ''that, in order to have the county high school continued after this present school year, it will be necessary for the county to provide a suitable and well equipped building, with five acres of ground, for the county high school as required by law, and the regents will refuse to employ teachers or request the levy of taxes for that purpose, unless compelled by mandamus to do so.''

It seems to us that the regents are not justified in the position they assume. There are 1182 school children in

the county, of which 165 are eligible to high school privileges. Will it be contended that pupils in any county in like situation should be denied the opportunity of acquiring in their home county the education and the training that is contemplated by the statute in question?

Respondents complain that the statute under consideration is class legislation because it relates only to counties not having schools with 12 grades. This argument cannot prevail because the act applies equally to all counties in that class. It is fundamental that the legislature may make reasonable classification for legislative purposes.

They also make a complaint that is purely incidental, and argue that Bassett, unless it maintains an accredited high school with twelve grades, which would exempt it from a tax levy for high school purposes, will profit by the location there of a county high school that is supported by the entire county, with the exception of such districts as are exempted by section 6830, Rev. St. 1913. But the same complaint of incidental benefit to a community could be made with respect to the location of the state capitol or almost any state institution, and of course cannot properly be considered. That there was no high school having twelve grades in Rock county when chapter 120, Laws 1915, became operative sufficiently appears in respondents' answer, but the establishing of a precinct high school in the county would not operate to discontinue the county high school already established.

The county high school has been conducted as such in Rock county, and the number of pupils in attendance discloses that both patrons and pupils appreciated the educational advantages which it offered. While some of the buildings they were compelled to use are not suitable for school purposes, the record discloses that there are buildings in Bassett that can be obtained and used for county high school purposes until more suitable buildings can be provided. No sufficient reason appears why the respondents should not have complied with the

terms of the law in question. The judgment of the trial court requiring a compliance therewith is right, and it is therefore

AFFIRMED.

ROSE, J., dissents.