STATE, EX REL. OTTO D. KEMPER ET AL., APPELLANTS, v. DORCHESTER FARMERS CO-OPERATIVE GRAIN AND LIVE STOCK COMPANY ET AL., APPELLEES.

FILED JUNE 26, 1918. No. 20517.

1. **Quære.** Is section 5, art. XIb of the Constitution, which provides for cumulative voting by stockholders of corporations, self-enforcing—*quære?*

2. **Corporations: CUMULATIVE VOTING.** The record in this case shows that there are no stockholders of this corporation who own or have any equity in the stock of any competing corporation. The legislature could grant the right of cumulative voting to such corporations, and so comply in part with the Constitution, and this is the purpose of this statute. What has been done is not unconstitutional on the ground that the act does not do all that the Constitution intends.

3. **Statutes: PARTIAL INVALIDITY.** If the proviso added to the act of 1915, chapter 174, is invalid so far as it attempts to prevent some

102 Neb.—40

stockholders from cumulative voting, that does not render the whole act unconstitutional, since it is not inconsistent with the purpose to provide for cumulative voting for stockholders who are not also stockholders in competing corporations.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. *Reversed, with directions.*

*Charles F. Barth* and *Glenn N. Venrick,* for appellants.

*Stocker & Foster* and *T. J. Doyle, contra.*

SEDGWICK, J.

Upon the trial of this case in the district court for Saline county, it was held that chapter 174, Laws 1915, providing for cumulative voting by stockholders of incorporated companies, was unconstitutional and void, and judgment was entered dismissing the plaintiffs' case, from which judgment the relators have appealed. Some other questions of minor importance are involved in the record, but the discussion in the briefs is confined to the question of the constitutionality of the act assailed. Section 5, art. XI*b* of the Constitution, provides: "The legislature shall provide by law that in all elections for directors or managers of incorporated companies, every stockholder shall (have) the right to vote in person or proxy, for the number of shares of stock owned by him, for as many persons as there are directors or managers to be elected, or to cumulate said shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock, shall equal, or to distribute them upon the same principle among as many candidates as he shall think fit, and such directors or managers shall not be elected in any other manner." The act of the legislature in question is entitled, "An act, to provide for cumulative voting, and for voting by proxy, by stockholders of any company incorporated under the laws of the state of Nebraska, and in all elections for directors or managers of such company, and to declare an emergency," and the act itself is in the language of the constitutional provision with the proviso added: "Pro-

vided, the right of cumulative voting in this act shall not apply to stockholders of a corporation who own stock in another corporation engaged in a competing line of business, nor to any one who holds stock, the equitable owner of which is a stockholder in a corporation and engaged in a competing line of business nor to their agent or representatives.''

The contention is that this proviso renders the whole act unconstitutional. We do not find it necessary in this case to determine whether the constitutional provision is self-enforcing. The provision that "such directors or managers shall not be elected in any other manner" might perhaps indicate that it was the intention to make the constitutional provision self-enforcing. "When courts are called upon to pronounce the invalidity of an act of legislation, passed with all the forms and ceremonies requisite to give it the force of law, they will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt.'' Cooley, Constitutional Limitations (7th ed.) 252.

If public policy requires some restriction on the right to vote by stockholders who own stock in two or more competing corporations, the legislature might without doubt, by proper enactment, prevent such practices, and while the purpose of such legislation should be made plainly to appear in the title to the act and in the act itself, we do not find it necessary to determine in this case whether such regulation might be made by proviso to the act intended to comply with the constitutional requirements in regard to cumulative voting. If it is conceded that this proviso, not being mentioned in the title to the act, and for other reasons, is invalid, the question still is whether the unconstitutionality of this proviso would render the whole act void as in conflict with the

Constitution. It is argued at large in the briefs that this proviso must be considered as an inducement to the passage of the act. That is to say, that the unavoidable conclusion from the language of the act itself and of its title must be that the legislature would not have enacted the statute if it was to apply to stockholders holding stock in competing corporations. Even if this is true and we consider the act as a whole, it appears beyond question that the purpose and intention of the legislature was to grant the right of cumulative voting to all stockholders not owning stock in competing corporations. That is, the legislature has complied with the constitutional provision in part, and if it has not gone as far as it should have gone in obedience to the requirements of the Constitution, we are not for that reason compelled to invalidate legislation that was clearly within the duty imposed upon the legislature by the Constitution. If additional legislation is necessary in order to fully comply with the Constitution, that duty will devolve upon subsequent legislatures. The record in this case shows that there are no stockholders of this corporation who own or have any equity in the stock of any competing corporation. In a somewhat similar case, this court said: "The purpose of the act is laudable, and the court should not lightly set it aside if by any reasonable means it can be so construed as to uphold its validity. * . * * It is a well-established rule that no one can complain that a statute is unconstitutional unless he is injuriously affected thereby, and that the courts will not set aside a law as violative of the Constitution for the reason that there is a possibility that one's interest may be injuriously affected in the future." *Peterson v. Anderson,* 100 Neb. 149, 155.

Also, in an analogous case, the supreme court of Texas said: "The courts have no power to enforce the performance of this duty in whole, and, in our judgment, have as little right to strike down, as unauthorized, a performance of it in part, merely because the legislature has

not gone as far as the Constitution may require. When the legislature has provided for one term in a county, it has not done a thing prohibited or unauthorized by the Constitution, but has done a part of that which the Constitution commands it to do." *St. Louis S. W. R. Co. v. Hall,* 98 Tex. 480.

We do not feel compelled to hold that the statute in question is unconstitutional as applied to this corporation.

The judgment of the district court is therefore reversed and the cause remanded, with instructions to enter judgment in favor of the relators.

REVERSED.

HAMER, J., not sitting.