SPEIER'S LAUNDRY COMPANY, APPELLEE, V. CITY OF WILBER ET AL., APPELLANTS.

FILED OCTOBER 9, 1936. No. 29715.

C. R. Stasenka, for appellants.

Field, Ricketts & Ricketts and Bartos, Bartos & Placek, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

GOSS, C. J.

This action in equity was to enjoin the city of Wilber from enforcing certain sections of an occupation tax against plaintiff, which is a Nebraska corporation and operates a laundry and dry cleaning business in Lincoln.. It collects articles by truck from Wilber. After it services these articles they are returned by truck and delivered to the Wilber customers. Plaintiff has no local place of business in Wilber and pays no taxes or license fees of any sort there.

Ordinance No. 101, passed by the city of Wilber, a city of the second class, levied a tax of $2 a day or $50 a year upon all dry cleaners, their agents, solicitors, or servants, not having a permanent place of business in Wilber, when such business is done by taking garments to be cleaned or

renovated outside the city and delivered or collected for within the city of Wilber; then the same ordinance fixed the tax at $5 a year upon "Any person, firm or corporation engaged in the above business or occupation, but who are residents having a permanent place of business within said city."

The above facts were established on the trial, chiefly by stipulation of the parties.

Upon the trial the district court found that the ordinance was not adopted as a police regulation but purports to be adopted for revenue purposes only; that it creates an arbitrary classification between residents and nonresidents, and discriminates between the same; that the tax as levied is not uniform; that as to plaintiff's business conducted in Wilber the tax is confiscatory; that it denies to plaintiff the equal protection of the laws; and that it is void both under the Constitution of the United States and of the state of Nebraska. The court perpetually enjoined the city and its agents from enforcing the provision of the ordinance against plaintiff. Defendants appealed.

The ordinance required nonresidents, like plaintiff, to pay $2 for a single day or $50 if the tax were paid by the year. The evidence shows the amount of business done by plaintiff in Wilber for 31 weeks. Plaintiff's truck covered about 100 miles a day. It served customers in Wilber twice a week, making that city on Mondays and Thursdays. The average weekly earning on these trips for the period named was $17.58. About three-fifths of these earnings were on account of laundry and two-fifths were on account of the dry cleaning business. It needs no argument to prove that for the expense of a truck, of a man to operate it, and for the laundry or cleaning service, the tax would be confiscatory. It would prevent plaintiff from carrying its service to Wilber.

Municipal occupation tax must be reasonable. If so high as to prohibit business, it is confiscatory and will not be enforced. *Hoyt Bros. v. City of Lincoln,* 130 Neb. 79, 263 N. W. 898.

Taxes levied by a municipal occupation tax ordinance must apply uniformly and equally to the classes upon which they are imposed. *Petersen Baking Co. v. City of Fremont,* 119 Neb. 212, 228 N .W. 256; *Rosenbloom v. State,* 64 Neb. 342, 89 N. W. 1053; Comp. St. 1929, sec. 17-436. The mayor frankly testified that the ordinance was "for the protection of home industry." This ordinance taxed the home industry only one-tenth of the tax levied against nonresidents by the city although both classes performed the same type of service.

To be valid, a municipal ordinance classifying occupations for the purpose of levying a tax thereon must not be arbitrary in its classification. The classification must rest on some reason of public policy or some substantial difference of situation or circumstances that would naturally suggest the justice or expediency of diverse legislation with respect to the objects or individuals classified. Comp. St. 1929, sec. 17-436; *Petersen Baking Co. v. City of Fremont,* 119 Neb. 212, 228 N. W. 256; *Rosenbloom v. State,* 64 Neb. 342, 89 N. W. 1053; *Norris v. City of Lincoln,* 93 Neb. 658, 142 N. W. 114.

The judgment of the district court is

AFFIRMED.