H. L. BLACKLEDGE, APPELLANT, V. FRANCIS L. RICHARDS ET AL., APPELLEES.

231 N. W. 2d 319

Filed June 26, 1975. No. 39852.

H. L. Blackledge, pro se.

Dewayne Wolf and Ward W. Minor, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This action was brought by appellant to have portions of Laws 1969, L.B. 918, p. 511, the Downtown Improvement and Parking District Act of 1969, now sections 19-3401 to ,19-3420, R. R. S. 1943, declared unconstitutional; to determine the consitutionality of ordinance No. 2154 of the City of Kearney, Nebraska; to enjoin the collection of taxes levied under the above ordinance; and to obtain a refund of the taxes paid pursuant to the above ordinance. We affirm the dismissal of appellant's petition.

The plaintiff-appellant, a lawyer, is a citizen, resident, and taxpayer of Kearney, whose office is located within the boundaries of the Kearney Downtown Improvement and Parking District. The defendants-appellees are comprised of Kearney's mayor, city council, downtown improvement board, and certain other city officers.

By enacting the Downtown Improvement and Parking District Act of 1969, the Legislature set out the method by which cities of the first and second class may raise additional revenue for certain stated purposes relating to the improvement of the district area. Gen-

erally, the act provides for the appointing of a down-
town improvement board; the duties of the board mem-
bers; guidelines in determining the boundaries of any
district established; procedure for enacting an ordinance
utilizing the power conferred by the grant; the authori-
zation of cities to approve general business license and
occupation tax on businesses and users of space within
an improvement district; the purposes for which the
revenue may be used; and procedure for disestablish-
ment of a district.

Pursuant to this legislation, the mayor and city coun-
cil of Kearney appointed the members of the Kearney
downtown improvement board on December 23, 1969.
Following a resolution of intention and publication of
the proposed district boundaries and rate of tax, a hear-
ing was held, subsequent to which ordinance No. 2154
was adopted on June 24, 1970. Commencing August 1,
1970, the city clerk of Kearney mailed statements of
the license and occupation tax imposed by the ordi-
nance to businesses included in the district. Appellant
has not paid the tax assessed against him for the years
1970, 1971, 1972, and 1973, and filed this action when
notified that a complaint for nonpayment was immi-
nently to be filed against him.

The appellant's petition in the District Court con-
tained numerous allegations concerning the constitu-
tionality of the statute and ordinance. The trial judge
dismissed the petition after taking evidence. We con-
sider only those contentions properly preserved, assigned,
and argued in appellant's brief.

Appellant propounds the theory that sections 19-3401
et seq., R. R. S. 1943, must be struck down as violative
of that portion of Article III, section 14, of the Ne-
braska Constitution, which provides in part: "No bill
shall contain more than one subject, and the same shall
be clearly expressed in the title." This position is argued
in the brief with regard to parts of sections 19-3406,
19-3404, and 19-3419, R. R. S. 1943. The material portion

of the title appended by the Legislature to L.B. 918 (sections 19-3401 et seq., R. R. S. 1943) reads: ". . . to adopt the Downtown Improvement and Parking District Act of 1969."

Appellant would have us hold that the part of section 19-3406, R. R. S. 1943, which restricts the right of utility franchise holders to undertake capital improvements within the improvement districts without prior city approval contravenes Article III, section 14, of the Nebraska Constitution. We determine that appellant may not question the inclusion of this part of section 19-3406 within the ambit of the statute's broad title. He does not have the requisite standing to litigate this issue. There is no evidence that this portion of section 19-3406 is presently impeding whatever right a utility franchise holder has to make a capital improvement within the district. Appellant is not a franchise holder, and his status as a consumer of utility output does not grant him the capacity to litigate questions of constitutional law which relate to a statute's effect on the business of another. State v. Brown, 191 Neb. 61, 213 N. W. 2d 712; Ritums v. Howell, 190 Neb. 503, 209 N. W. 2d 160; Peterson v. Anderson, 100 Neb. 149, 158 N. W. 1055. For this same reason, we also affirm the dismissal of appellant's argument that this portion of section 19-3406 is an unconstitutional infringement upon the validity of an existing contract.

This same standing infirmity prevents us from considering appellant's complaint that section 19-3419, R. R. S. 1943, relating to the disestablishment of an improvement district violates the title provision of Article III, section 14, of the Nebraska Constitution. There is no indication in the record that there is any possibility that the district will be dissolved in the foreseeable future. "It is a well-established rule that no one can complain that a statute is unconstitutional unless he is injuriously affected thereby, and that the courts will not set aside a law as violative of the Constitution for the reason that

there is a possibility that one's interest may be injuriously affected in the future." Peterson v. Anderson, *supra*. Thus we do not consider appellant to presently be a proper plaintiff to raise a constitutional question relating to the disestablishment of an improvement district.

A portion of section 19-3406, R. R. S. 1943, provides: ". . . the mayor and council may grant the downtown improvement board authority . . . to make a detailed study and recommendation to the mayor and council for the establishment of an overall plan for improvements of the downtown district . . . and to commit the city for the cost of such planning from the funds raised by sections 19-3401 to .19-3420." Appellant clearly is urging a new construction of Article III, section 14, of the Nebraska Constitution, in arguing that this portion of the statute unconstitutionally strays beyond the ambit of the title noted previously. The purpose of Article III, section 14, of the Nebraska Constitution, is to prevent surreptitious legislation. This court will not strike down an act of the Legislature under this provision of the Constitution if it can be said that the title calls attention to the subject matter of the bill. The portion of section 19-3406 quoted above is germane to the purpose announced in the title to the act. This is sufficient for purposes of Nebraska's Constitution. Yellow Cab Co. v. Nebraska State Railway Commission, 175 Neb. 150, 120 N. W. 2d 922; Lennox v. Housing Authority of City of Omaha, 137 Neb. 582, 290 N. W. 451, 291 N. W. 100.

Appellant, without citation of authority, asks us to declare the above-quoted portion of section 19-3406, R. R. S. 1943, an unconstitutional delegation of authority. There is no discussion of this allegation. There is no indication as to which portion of the Constitution is purportedly violated. Assuming this is a sufficient assignment and discussion to merit review by this court, nevertheless we will not consider a constitutional question in the absence of a specification of the portion of the Con-

stitution appellant desires vindicated. See, Rule 8 a 2(3), Revised Rules of the Supreme Court, 1974; Radil v. State, 182 Neb. 291, 154 N. W. 2d 466.

Section 19-3404, R. R. S. 1943, provides in part that: "Any warrant issued by the city against funds derived or received hereunder shall first be approved by the chairman or secretary of the board." Appellant contends that this part of the statute is an attempted amendment of section 16-718, R. R. S. 1943, which sets out the general warrant procedure for cities of the first class, and, as such, must be declared in violation of the requirement of Article III, section 14, of the Nebraska Constitution, that a law is unamended "unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed." Appellant cites us to the case of State ex rel. Beal v. Bauman, 126 Neb. 566, 254 N. W. 256. Admittedly, the general rule is therein stated that a purely amendatory act is fatally flawed if it does not meet the above constitutional requirement. However, it is equally well settled in Nebraska that: "Where an act does not purport to be amendatory, but is enacted as original and independent legislation, and is complete in itself, it is not within the constitutional requirement as to amendments, though it may, by implication, modify or repeal prior acts or parts thereof." Live Stock Nat. Bank v. Jackson, 137 Neb. 161, 288 N. W. 515, quoting 1 Lewis' Sutherland, Statutory Construction (2d Ed.), § 239, p. 446. As indicated in Bodenstedt v. Rickers, 189 Neb. 407, 203 N. W. 2d 110, a determination of whether an act is "amendatory" or "independent" must be based upon the considerations behind this particular provision of our Constitution. The mischief to be avoided is "an impermissible confusion in the enactment of amendatory statutes." Bodenstedt v. Rickers, *supra*. With this in mind, we find this portion of section 19-3404 to be independent and not amendatory of section 16-718. It is intelligible without reference to other legislation. There is no pos-

sibility of confusion in so interpreting this statute as it quite clearly operates only in the novel area relating to warrants against improvement district funds, leaving section 16-718 to operate to the full limit of its former scope.

There is no merit to appellant's next contention, which is that section 19-3404, R. R. S. 1943, does not come within the subject matter noted in the title to L.B. 918. This section recites the purpose of the act and provides for council authority over the administration of improvement district plans and operations. Certainly this is subject matter related to the title noted previously. Appellant also urges that parts of section 19-3404 are so vague as to be a nullity. Specifically, he points to the phrases "Whoever administers the program" and "The board or person who administers the program" as defying interpretation. A reading of the entire section dispels any uncertainty of meaning. Section 19-3404 authorizes the city to use revenue raised by the tax contemplated by the act to "secure personnel . . . to administer policies . . . and carry out the purposes of sections 19-3401 to 19-3420." "Whoever administers," as used in section 19-3404, refers to personnel hired by the council pursuant to section 19-3404. "The board or person who administers" refers to the downtown improvement board defined in section 19-3406, R. R. S. 1943, and to the same personnel noted above. There is nothing vague about this section of the statute.

Section 19-3404, R. R. S. 1943, provides in part that: "The board or person who administers the program shall prepare budgets, programs of action and plans and when the same have been approved by the council, the board or person shall have authority, under council supervision, to execute and carry out such programs and plans." Appellant contends that this is an unconstitutional delegation of authority violative of Article II, section 1, and Article III, section 1, of the Nebraska Constitution, which respectively provide for the separa-

tion of powers and define the legislative authority. We do not agree. There is no contention made that the grant of authority to the city council is invalid. As is patent from the reading of section 19-3404, the function of the board or administrator is only to recommend plans and execute council policy. Under the statutory scheme, ultimate control of policy, planning, and spending is vested in the council. A grant of administrative authority is not an unconstitutional delegation of legislative power. Lennox v. Housing Authority of City of Omaha, *supra*.

Appellant challenges sections 19-3401 to 19-3420, R. R. S. 1943, on the ground that Kearney was not in need of additional funds for improvements, section 19-3404 indicating that this legislation was passed because of a legislatively perceived need for cities of the first class to obtain additional revenue. The fact that Kearney may be an exception to a general statement of necessity included in this legislation does not warrant a determination by this court that the legislation is invalid.

Section 19-3402, R. R. S. 1943, provides: "Sections 19-3401 to 19-3420 provide a separate and additional method, authority and procedure for the matters to which it relates and does not affect any other law relating to the same or similar subject. When proceeding under sections 19-3401 to 19-3420 its provisions only need be followed." Appellant asserts in his brief that: "This is another conspicuous example of legislative arrogance by its obvious attempts to declare that the act is above and beyond the purview of any judge or court." This "argument" is without merit. Not only is the significance of appellant's conclusion unexplained, but it is also unwarranted. The statutory language above noted is not unfamiliar and amounts to no more than a declaration that the act is to be interpreted as a unit and is cumulative to existing grants of authority to cities of the first class.

With regard to Kearney's ordinance No. 2154, imple-

menting L.B. 918's grant of authority, appellant asserts numerous defects. A discussion of these allegations now follows.

Appellant first contends that section 7(g) of ordinance No. 2154, providing that revenue from the improvement district may be used to "Assist in the payment of *general obligation bonds issued for the construction of such parking facilities*" (emphasis supplied), is unconstitutional. He does not specify which portion of the Constitution is violated, and, as previously noted, this precludes our consideration of his contention. Radil v. State, *supra.*

It may be that this provision is constitutionally questionable. However, there is nothing in the record to indicate that any such general obligation bonds exist or that the city proposes or threatens imminently to pay any such obligations with the proceeds of the special district tax. The factual situation in Peterson v. Anderson, *supra,* is in principle indistinguishable from that existing here and the rule of law from that case which we earlier quoted is applicable. The determination of the question will have to be made if and when a justiciable issue arises.

Section 7(d) of Kearney's ordinance provides that the district's revenue may be used in "Planning and promoting the improvement of streets, lighting and traffic control for the District." Appellant argues that this use is not within any of the enumerated purposes of section 19-3404, R. R. S. 1943, or, if the city council has authority to interpret the general purposes of section 19-3404, then there has been an unconstitutional delegation of authority to the council. Section 19-3404 provides in pertinent part that funds raised under the statutory scheme may be used in: "(2) Improvement and decoration of any public place in the district area; . . . (6) Any other project or undertaking for the betterment of the public facilities in the district area, whether the project be capital or noncapital in nature."

As street improvement, lighting, and traffic control for the district are obviously improvements of public places or projects reasonably related to the betterment of public facilities in the district, the sole question presented by appellant is whether this statutory authorization of district spending for these general purposes amounts to an unconstitutional delegation of authority. As such, he appears to have confused the competence of the Legislature to generally devolve upon a municipality the power to make public improvements, and the rule that a grant of power to a municipality is to be strictly construed. See Besack v. City of Beatrice, 154 Neb. 142, 47 N. W. 2d 356. Apparently the appellant's argument is that in so delegating authority to make improvements, the Legislature must specify exactly the sort of improvement to be made. This is not the law. It is one thing to question whether authority to act has been given a municipality. It is another thing to question whether a city may be the recipient of a general delegation of power. In this case the general authorization granted by the statute clearly encompasses the objectives described in section 7(d) of the ordinance. In Hillerege v. City of Scottsbluff, 164 Neb. 560, 83 N. W. 2d 76, this court reviewed action taken by a city under an authorization to improve streets, avenues, or alleys "in any manner it may deem proper." The grant of power in this case is at least as specific as that, and is no more objectionable when exercised in a "good faith, reasonable" manner, and not in an arbitrary fashion. Hillerege v. City of Scottsbluff, supra.

Section 19-3420, R. R. S. 1943, allows the city council to declare nonpayment of an improvement district tax to be a violation of the enacting ordinance, and "subject the violator to fine or other punishment as provided by ordinance." Appellant contests the constitutionality of section 12 of ordinance No. 2154, providing that if an agent conducts a business for a nonresident or a corpo-

ration, "such agent shall be subject to arrest and punishment under the provisions hereof, if his principal shall not have complied with the provisions hereof." We shall not address this issue, for there is no indication in the record that appellant or anyone else is threatened with prosecution under this provision of the ordinance. He may not assert the constitutional rights of another in this action. See, Ritums v. Howell, *supra;* Peterson v. Anderson, *supra.*

Section 19-3408 (5), R. R. S. 1943, provides in part that the notice of intent to establish a downtown improvement and parking district "shall recite that the license and occupation tax shall be fair and equitable and uniform as to class and shall be based primarily on the square footage of the owner's and user's place of business or professional office space and such basis as may be stated in the notice." Section 19-3413, R. R. S. 1943, states: "For purposes of the additional tax to be imposed . . . the city council may make a reasonable classification of businesses or users of space." Section 6 of ordinance No. 2154 contains the following classifications and tax rates: "a) 3¢ per square foot floor space upon retail and financial businesses within the district facing Central Avenue, b) 2¢ per square foot floor space upon retail and financial businesses within the district not facing Central Avenue, c) 1¢ per square foot floor space upon other businesses within the district . . . ." Appellant would have us hold that gearing the tax to area of occupancy and not weighing other considerations such as the amount of income derived by a business offends the requirement of Article VIII, section 6, of the Nebraska Constitution, that "such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." Appellant does not challenge the classification of businesses made in the ordinance, and we do not consider them.

The tax in this case is a business occupation and license tax levied for the purpose of raising revenue and

not for the purpose of regulating activity. In such a case, this court has recognized the validity of a flat rate occupation tax. Norris v. City of Lincoln, 93 Neb. 658, 142 N. W. 114; Village of Dodge v. Guidinger, 87 Neb. 349, 127 N. W. 122. In City of Grand Island v. Postal Telegraph Cable Co., 92 Neb. 253, 138 N. W. 169, this court stated: "The tax was uniform, in that it operated alike on all persons or corporations engaged in that business, and we are not aware of any case which holds that when the business transacted by one person or corporation of a class has proved largely remunerative, and the business of another of the same class was less remunerative, or was in fact conducted at a loss, a court of justice can for that reason declare an occupation tax ordinance void." In that case, the appellant's contention that the constitutional requirement of uniformity was offended was not sustained.

These cases recognize that a flat rate tax may be voided only if manifestly unreasonable and confiscatory. As the square footage formula used by the city operated uniformly upon all members of the same class, as did the flat rate taxes noted above, it is not unconstitutional.

The final contention of appellant, and the point toward which the bulk of the evidence taken in the District Court was directed, concerns the boundaries of Kearney's improvement district.

Section 19-3407, R. R. S. 1943, provides that: "A downtown improvement and parking district may be established as provided in sections 19-3401 to 19-3420, and it should be, if possible, coextensive with the established business area in the downtown portion of the city." The record establishes that there are business areas of Kearney not included within the improvement district. Appellant insists that the district boundaries must therefore be disapproved as either conflicting with section 19-3407, or as reflecting an arbitrary and capricious exercise of the city's boundary-making power.

The boundaries of the district as adopted by section

4 of ordinance No. 2154 are as follows: ". . . commencing at Railroad Street 130 feet West of Second Avenue, thence east along Railroad Street to a point 130 feet east of Avenue B, thence north along a line 130 feet east of Avenue B to 25th Street, thence West along 25th Street to a point 130 feet west of Second Avenue, thence south along a line 130 feet west of Second Avenue to the place of beginning." The evidence shows, as appellant contends, that there are businesses to the north of 25th Street and to the south of Railroad Street which were not included in the district. There are 16 businesses north of 25th Street and at least that many south of Railroad Street which were excluded. Twenty-fifth Street, which is also U.S. Highway No. 30, is 130 feet wide, not including a concrete median dividing the highway. Railroad Street is 60 feet wide, bordered on the south by two railroad tracks and the railroad right-of-way. Aside from a freight depot, railroad warehouses, and a lumber company, the businesses which appellant notes as existing south of the improvement district are all a substantial distance from it, separated from the district by the right-of-way, the tracks, and Railroad Street itself. A reading of the record indicates that the businesses north of 25th Street and south of Railroad Street were excluded from the district because the downtown improvement board and the city council were convinced that there was no significant parking problem in these areas and no significant pedestrain traffic from the district area to the south or north.

Under this set of facts, we are not convinced that the boundaries of the district do not conform to the statutory directive that they be "if possible, coextensive with the established business area in the downtown portion of the city." § 19-3407, R. R. S. 1943. The language of the statute calls for a judgment as to the extent of the established downtown business area, and a further determination of the possibility of extending the district to the limits of that area. This judgment and determi-

nation is embodied in ordinance No. 2154.

As the ordinance does not conflict with the statute, we must only determine whether the classification of businesses made by the city council is valid. As is evident from the above recital of fact, there is no basis for us to decide that the boundaries were set in an arbitrary or capricious fashion. Speier's Laundry Co. v. City of Wilber, 131 Neb. 606, 269 N. W. 119; City of Ord v. Biemond, 175 Neb. 333, 122 N. W. 2d 6. The judgment of the District Court dismissing the petition of appellant is therefore affirmed.

AFFIRMED.