CITY OF GRAND ISLAND, APPELLEE, V. POSTAL TELEGRAPH CABLE COMPANY, APPELLANT.

FILED NOVEMBER 1, 1912.   No. 16,840.

1. Licenses: OCCUPATION TAX: CITIES. Under subdivision 9, sec. 48, art. III, ch. 13, Comp. St. 1911, each city of the first class having more than 5,000 and less than 25,000 inhabitants has the power to levy a tax upon every business or occupation carried on within the territorial limits of the municipality, excepting alone those enumerated in the proviso clause of said section.

2. ———: ———: CONSTITUTIONALITY. A city of the above class may lawfully enact an ordinance imposing on telegraph companies

a license tax of a reasonable sum per annum for the privilege of transacting the business of telegraphy within the city, and, where such ordinance imposes a tax equal in amount upon all such telegraph companies, it is not obnoxious to the rule of uniformity and equality under sections 1, 6, art. IX, of the constitution.

3. ———: ———: ———. The amount of an occupation tax is not to be measured by the profits of the business taxed, but should be considered as one incident to local self-government, and when thus considered it appears *prima facie* reasonable in amount, courts of justice should not declare the ordinance void, unless and until it is clearly shown by competent evidence that the license charge is in fact unreasonable or confiscatory.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Affirmed.*

*O. A. Abbott* and *W. W. Cook,* for appellant.

*Arthur C. Mayer* and *W. A. Prince, contra.*

BARNES, J.

This action was commenced by the plaintiff, the city of Grand Island, against the defendant, the Postal Telegraph Cable Company, to recover an anual occupation tax for the years 1904, 1905, 1906, 1907, 1908 and 1909, amounting to $240, with interest thereon, which was alleged to be due the plaintiff under an ordinance of that city by which it was provided: "That there is hereby levied an occupation tax upon each and every occupation and business carried on within the limits of this city, in this section hereinafter enumerated, to raise revenue thereby in the several different sums on the several different occupations hereinafter specified, and that each and every person or persons, firm, association or corporation carrying on the occupation or business herein mentioned within the limits of the city of Grand Island, shall pay into the city treasury annually the sum named as hereinafter provided as a tax upon said occupation, and for the purpose of raising revenue thereby."

It was further provided by section 3 of the ordinance as follows: "Under the provisions of this ordinance and the authority vested in the city council aforesaid, there is levied upon each and every person or persons, firm, association or corporation carrying on business in the city of Grand Island, Nebraska, an occupation tax as follows, to wit:

"Article 1. The sum of forty dollars per year on the business and occupation of receiving messages in this city from persons in the city and transmitting the same by telegraph from this city to persons and places within this state, and receiving in this city messages by telegraph transmitted within this state from persons and places within this state to persons in this city, and delivering the same to persons in this city, except the receipt, transmission and delivery of any such message to any firm, department or agency or agent of the United States, and the receipt, transmission and delivery of any such which are interstate commerce. The business and occupation of receiving, transmitting and delivery of messages herein excepted are not to be taxed hereby."

The ordinance further provides: "Whenever the treasurer shall deem himself unable to collect any tax by this ordinance levied after the same is due and payable, he shall so report to the city attorney, and the city attorney shall therein bring an action in the name of the city in any court or before any justice of the peace, having jurisdiction, to the amount of the sum sought to be recovered by said action; the remedies hereby prescribed are not exclusive, but cumulative, and may be prosecuted at the same time."

Upon the trial in the district court for Hall county, without the intervention of a jury, there was a finding and judgment for the plaintiff for the sum of $245, and costs of suit, and from that judgment the defendant has appealed.

The defendant has assigned and argued three grounds in support of its contention that the judgment of the dis-

trict court should be reversed: First, the tax demanded is unreasonable and confiscatory; second, the tax violates the rule of uniformity and equality under sections 1 and 6 of article IX of the state constitution; third, the occupation tax in question trenches upon the commerce clause of the constitution and laws of the United States.

We are of opinion that the second and third assignments of error are fully answered by *Western Union Telegraph Co. v. City of Fremont,* 39 Neb. 692. It seems to be conceded that the occupation tax ordinance in that case and the one in the case at bar are practically the same in form and substance. After citing the principal leading cases upon those questions and discussing the effect thereof, it was there held: "Under section 52, ch. 14, art. II, Comp. St. 1891, each city of the second class having more than 5,000 inhabitants has the power to levy a tax upon every business or occupation carried on within the territorial limits of the municipality, excepting alone those enumerated in the proviso clause of said action." It was further held: "Where a telegraph company is engaged in both interstate and intrastate business, an ordinance levying an occupation tax on that portion of such business which is carried on wholly within the state is not repugnant to section 8, art. I of the constitution of the United States, since it in no way interferes with, or regulates, interstate commerce;" and that "an occupation tax may be collected by ordinary suit, where the ordinance imposing the tax so provides." On a rehearing of that case (43 Neb. 499) the opinion was adhered to by consideration, and on the strength of *Postal Telegraph Cable Co. v. Charleston,* 153 U. S. 692, where it was said: "A city ordinance, made under power conferred by a state statute, imposing a license of five hundred dollars upon a telegraph company, which had accepted the provisions of the act of July 24, 1866, c. 230, 14 Stat. 221, upon business done exclusively within the city and not including any business done to or from points without the state, and not including any business done for the govern-

ment of the United States, its officers or agents, is an exercise of the police power, and is not an interference with interstate commerce." It follows that defendant's last two assignments of error cannot be sustained.

In considering the first assignment, that the tax in question is unreasonable and confiscatory, we find from the record that defendant maintains an office in the city of Grand Island, where it conducts a large amount of interstate business and considerable intrastate business, but neglects and refuses to pay the occupation tax; that defendant's receipts for intrastate business for the years in question herein were $1,333.17, and that the total tax sought to be collected for those years under the terms of the ordinance was $240. It further appears that, by a system of accounting or bookkeeping adopted by the defendant, it was attempted to be shown that for some of the years in question the expense of conducting the intrastate business reduced the gross receipts to a trifle less than enough to pay the tax of those years. It was not shown, however, that the method of apportioning the expenses of defendant's entire business was the correct method, or that such apportionment was either just or equitable, and therefore we conclude that the evidence was insufficient to warrant a court of justice in finding arbitrarily that the tax was either unreasonable or confiscatory. The city clearly had the power to tax the business in question. The tax was uniform, in that it operated alike on all persons or corporations engaged in that business, and we are not aware of any case which holds that when the business transacted by one person or corporation of a class has proved largely remunerative, and the business of another of the same class was less remunerative, or was in fact conducted at a loss, a court of justice can for that reason declare an occupation tax ordinance void. We think no court should say as a matter of law that an occupation tax of $40 a year upon each and every telegraph company doing business within the limits of the city of Grand Island is manifestly unreasonable and confiscatory. It

20

may be said that the charge is *prima facie* reasonable. *Western Union Telegraph Co. v. Borough of New Hope,* 187 U. S. 419. The amount of an occupation tax is not to be measured by the profits of the business, but should be considered as one incident to local self-government—to supervision, to the expense incident to the issuing of the license, to the probable expense of inspection, regulation and such police surveillance as the municipal authorities can lawfully give to the location, erection and maintenance of poles and wires as provided by ordinance. In the absence of evidence which clearly shows that the license charge, in general effect, is such as to make it confiscatory, the ordinance must be upheld.

It follows that none of the defendant's contentions can be sustained, and the judgment of the district court is

AFFIRMED.