RAY SANDLOVICH ET AL. v. STATE OF NEBRASKA.

FILED JANUARY 31, 1920. No. 20733.

1. Criminal Law: STATUTE: TITLE: CONSTITUTIONALITY. The title of the act relating to the larceny of motor vehicles and requiring garages to keep records of motor vehicles is broad enough to include

the crime of buying or receiving stolen automobiles, and is consistent with the constitutional provision confining an act to one subject. Laws 1917, ch. 201.

2. Information: Sufficiency. An information charging an offense in the language of the statute is sufficient.

3. Criminal Law: Plea of Guilty: Withdrawal after Sentence. After sentence, courts may, in their discretion, permit pleas of guilty to be withdrawn, or refuse to allow such withdrawal, and, except where there has been an abuse of such discretion, the supreme court will not interfere.

Error to the district court for Lancaster county: Frederick E. Shepherd, Judge. *Affirmed.*

*Reese & Stout,* for plaintiffs in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Aldrich, J.

Defendants were convicted under section 3, ch. 201, Laws 1917, of buying stolen property. Both defendants prosecute error.

Three assignments of error are relied upon for reversal: First, that the act under which the prosecution is brought is unconstitutional for the reason that the act contains more than one subject, and the same is not clearly expressed in its title; second, the information does not sufficiently describe the ownership of the property alleged to have been bought, and that the information does not state facts sufficient to constitute a crime; third, the defendants were coerced and misled by fraud and misrepresentations into entering pleas of guilty.

The title of the act in question is as follows: "An act relating to the larceny of motor vehicles and the altering or defacing of the numbers of motor vehicles, providing for the keeping of records by garage of motor vehicles, and providing penalties for the violation of this act." It is urged that the title is not sufficiently broad to include a conviction for receiving stolen motor vehicles. Section 11, art. III of the Constitution, pro-

Sandlovich v. State.

vides: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title."

We do not think the act is open to the objection made by defendants. It was the object of the legislature to protect the public from larceny traffic in automobiles, and the title to the act is sufficient. It is well known that he who is guilty of larceny in motor vehicles, for commercial purposes, can successfully maintain his machinations only in connection with a "fence," that is, a place for keeping stolen goods for purposes of affording a market for the same. Then it is plain that both the thief, who takes and carries away the vehicle in the first instance, and the man who receives it to place it on the market are in a conspiracy to aid and abet, and to successfully carry out the original crime of stealing motor vehicles.

The object and purpose of the statute is to break up the criminal industry of stealing automobiles and affording a market for these stolen goods. This industry in crime is so intimately interwoven with the stealing of automobiles that one is indispensable to the other.

It is obvious, in creating a market for stolen automobiles, the person so engaged may be an accessory either before or after the fact. In either event the body of the act is clearly expressed and is germane to its object and purpose. The title, while not a precise epitome of the body of the act, yet is sufficiently plain and broad to accomplish the object of the legislature, and is a plenary compliance with section 11, art. III of the Constitution. *State v. Ure,* 91 Neb. 31; *Alperson v. Whalen,* 74 Neb. 680.

We conclude this phase of the discussion by claiming that title to a legislative act, enacted for the purpose of preventing and punishing the commission of certain crimes, is broad enough in its language to embody the acts necessary to the carrying out or causing the perpetration of the crime which the statute was created to prevent.

Defendants urge that the information does not suffi-
ciently describe the ownership of the property alleged
to have been bought, and that it does not state facts
sufficient to constitute a crime. This court has held that,
"where a statute states the elements of a crime, it is
generally sufficient, in an information or indictment, to
describe such crime in the language of the statute." *Goff
v. State,* 89 Neb. 287; *Cordson v. State,* 77 Neb. 416. The
information in the instant case following the language
of the statute is sufficient and is not open to the objection
that ownership is not alleged. It specifically informs de-
fendants of what crime they were alleged to have com-
mitted, and avers facts precisely informing them of what
they were charged. They were cognizant of these matters
and had an opportunity to meet them, but, instead, plead-
ed guilty.

The state must prove beyond a reasonable doubt that
the property was stolen. Then, if that is true, a failure
to allege ownership will not make the information bad in
charging the receiving of stolen property under this
statute. It is only necessary that the information de-
scribe the transaction with sufficient accuracy so that a
judgment of conviction or acquittal would constitute a bar
to a subsequent prosecution for the same offense. It
seems that the information based upon this statute amply
describes the crime and the property bought with suffi-
cient certainty to enable any court to identify it. It is
obvious that the crime with which defendants are charged
is plainly defined in the statute creating the offense; that
is, the statute itself sets out all the essential elements
of the crime of buying or receiving stolen property with
intent to defraud another. We hold an information meet-
ing this requirement is sufficient.

These propositions are ably discussed in *State v.
Martin,* 94 Wash. 313, which opinion was based upon the
Code of the state of Washington. We hold it to be the rule
of this court that an information which charges the crime,
substantially in the language of the statute, and states the

acts constituting the offense in ordinary, concise language so that a person of average intelligence may know what is intended, is sufficient. Whenever an information is measured by such a standard, it meets the full requirements of justice and the welfare of society, and does not tend to defeat the substantial rights of defendants.

The defendants also contend that the trial judge erred when he refused to allow them to withdraw their plea of guilty. We do not believe there was any abuse of discretion by the court in' this respect. *Waller v. United States,* 179 Fed. 810, 31 L. R. A. n. s. 113. The motion to allow defendants to withdraw their plea of guilty was not made until after sentence was passed. This motion should not be sustained under the circumstances after judgment had been taken, unless defendants produced sufficient showing. Defendants should not be allowed to gamble with the judgment of the court and then object because the sentence is more than they anticipated.

The judgment and sentence should be affirmed.

AFFIRMED.

LETTON, J., not sitting.