P. F. PETERSEN BAKING COMPANY, APPELLEE, V. CITY OF FREMONT, APPELLANT.

FILED DECEMBER 31, 1929. No. 26927.

*Allen Johnson,* for appellant.

*Montgomery, Hall, Young & Johnsen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and THOMSEN, District Judge.

ROSE, J.

This is an action to recover from the city of Fremont, defendant, $600 exacted by it in the form of license taxes on the occupation and business of itinerant vendors of bread at wholesale. That amount was demanded by defendant and paid under the terms of a city ordinance imposing a yearly license tax of $300 "on each itinerant vendor" of bread and of other enumerated commodities at wholesale. P. F. Petersen Baking Company, plaintiff, paid the annual tax of $300 August 13, 1927, and demanded repayment August 16, 1927. The Standard Bakeries Corporation paid the annual tax of $300 August 27, 1927, demanded repayment August 30, 1927, and afterward assigned its claim for repayment to plaintiff. The demands for the return of the two items amounting to $600 were based on the ground that the ordinance and the taxes were illegal and void. The city refused to comply with the demands for repayment, retained the money so exacted, and plaintiff brought this action to recover it back. The facts upon which plaintiff relies for a recovery are fully pleaded in the petition which challenges the ordinance and the taxes as fatally indefinite, unreasonable and confiscatory.

The validity of the ordinance and the reasonableness of the taxes are pleaded in an answer to the petition. The answer contains also a plea that the corporations named are "itinerant vendors" of bread at wholesale in Fremont

within the meaning of that term as used in the ordinance.

Upon a trial of the case the district court found that the ordinance was indefinite, unconstitutional and void, and that the taxes levied under it were unreasonable and confiscatory. From a judgment in favor of plaintiff for $659.50, including interest, defendant appealed.

The validity of the ordinance and taxes is the question presented by the appeal. In the first section the ordinance provides:

"That there is hereby levied a license tax on each and every occupation and business within the limits of this city, in this section enumerated, to raise revenue thereby in the several different sums on the several different businesses and occupations respectively as follows: * * *

"On each itinerant vendor at wholesale, of fruits, potatoes, vegetables, flowers, groceries, hay, straw, bread, grain, pastries, or other kinds of goods not herein specified, $300 per year."

To prevent criminal prosecutions and interruption of business requiring plaintiff and its assignor to make daily sales and deliveries of bread to retail dealers and regular customers in Fremont, the taxes in controversy were paid as indicated. Plaintiff and its assignor are wholesale bakers of bread in Omaha. By means of their own motor trucks they distribute daily their own products to retail dealers and customers within a radius of 75 miles, including retailers in Fremont. To be valid a city ordinance imposing an excise or a license tax upon a business or an occupation must be definite in its application to those upon whom the burden falls, reasonable in amount and uniform as to the class upon which it operates. Its application should not be left by city lawmakers to the whim or caprice of taxing or collecting officers. A valid excise or license tax depends on a lawful exercise of legislative power—a power not committed to administrative or police officers. The term "itinerant vendor" is not defined by city ordinance in the present instance. It has no legal or popular meaning that extends its application to a wholesale baker selling bread and distributing it daily to regular re-

tail customers by means of its own motor trucks. Taxing or collecting officers are without authority to supply such a definition or to extend the municipal legislation beyond its definite import. That part of the ordinance relating to each "itinerant vendor" at wholesale is obviously indefinite and uncertain and for that reason is unenforceable in absence of a legislative definition of the term quoted.

The provision in controversy, as the city treasurer has attempted to apply it, would not be uniform as to class, even if the words "itinerant vendor" had been made applicable to plaintiff and its assignor in definite terms. They are engaged in a lawful enterprise on an extensive scale. They have a right to conduct their business in Fremont on reasonable terms applicable alike to all wholesale bakers in the same class. They cannot legally be excluded from Fremont by means of a prohibitive excise tax that wholesale bakers therein are not required to pay. The evidence shows a discrimination. Wholesale bakers in Fremont were not subjected to the business or occupation taxes. In practical effect those taxes were not imposed for licenses permitting the Omaha bakers as licensees to transact business in Fremont but to prevent them from doing so. The city's discrimination as to class gave the term, "itinerant vendor" of bread at wholesale, an unauthorized meaning amounting to "nonresident vendor." The taxes, as the city attempted to enforce the ordinance, were not, therefore, uniform as to class.

The taxes were also invalid as imposing an unreasonable and confiscatory burden. It is a fair inference from the evidence that the net annual profits of each of the two Omaha bakeries, based on net earnings at the time of the trial, exclusive of the excise taxes, would be approximately $420. An annual tax of $300 on the occupation of each would destroy the incentive to sell and deliver bread in Fremont and would amount to an illegal prohibition of the right to do so. The law applicable to the present controversy has been stated as follows:

"While cities of the second class having more than five thousand inhabitants have authority to impose a tax on

any occupation or business within the limits of the city, yet such ordinances must be so framed as to make such taxes uniform in respect to the classes upon which they are imposed; and such taxes must be reasonable, considering the nature of the business, and not so high as to prohibit the carrying on of the business." *Caldwell v. City of Lincoln*, 19 Neb. 569.

There does not seem to be any error in the proceedings and the judgment of the district court.

AFFIRMED.