Gooch Food Products Company et al., Appellants, v. Charles Rothman et al., Appellees.

Filed July 14, 1936. No. 29688.

*James L. Brown, William Niklaus* and *J. E. Mockett,* for appellants.

*Benton Perry* and *Calvin Webster, contra.*

*George R. Mann, Dwight W. Dahlman* and *Paul E. Haberlan, amici curiæ.*

Heard before Goss, C. J., Good, Day, Paine and Carter, JJ., and Kroger and Irwin, District Judges.

IRWIN, District Judge.

This is a suit in equity to enjoin the enforcement of an ordinance of the city of York, Nebraska. York is a city of the first class and derives its governing powers under chapter 16, Comp. St. 1929. The individuals named as defendants were officers of the city at the time the suit was instituted.

The plaintiffs filed their petition in the district court for York county, Nebraska, on December 13, 1934, seeking to enjoin the defendants from enforcing articles II and III, ch. 15, of General Revision Ordinance No. 700, of the city of York, which it is conceded was regularly adopted by said city in October, 1934. Plaintiffs prayed for a restraining order pending hearing on temporary injunction; for temporary injunction; and that upon final hearing said temporary injunction be made permanent.

A restraining order was issued by the county judge of York county on December 13, 1934. By stipulation of the parties and order of the district court on January 7, 1935, the restraining order was continued in force until the final determination of the case.

The cause was heard upon the issues joined in the district court on June 5, 1935, and on said date the trial court entered its decree and adjudged that the plaintiffs had no cause of action against the defendants; the restraining order and injunction prayed for by the plaintiffs was denied; the court canceled and set aside the restraining order and injunction theretofore entered and dismissed the petition.

Motion for new trial was overruled and the plaintiffs have appealed therefrom and from the order of the district court made and entered, as aforesaid, on June 5, 1935.

The appellants contend that the judgment contravenes and is in violation of the provisions of the Constitution of Nebraska and the Constitution of the United States which, in substance, may be said to be that ordinance No. 700 of said city is arbitrary and discriminatory in character and is not uniform in its classifications; that it is so excessive

as to be confiscatory; that the ordinance is void because of indefiniteness; and that the judgment is contrary to and is not supported by the evidence, and is contrary to law.

The greater part of the evidence contained in the record is by way of stipulation and shows that the plaintiffs are Nebraska corporations having their respective places of business in Lincoln, Lancaster county, Nebraska; that they are engaged in the manufacture, sale and distribution of bread, pastry and other baked goods at wholesale in the state of Nebraska and in the trade area including York county; that the only business the plaintiffs carried on in the city of York has consisted of the sale of their products to retail merchants within the city and the delivery of the same by automobile truck, and that such sale and delivery has continued for more than the last past five years; that the same method of sale and delivery is carried on by plaintiffs in a large number of other Nebraska towns within the trade area; that plaintiffs have established a large demand for their products in said city. It further appears by the stipulation that the city of York does not require by ordinance the payment of occupation tax from persons, firms or corporations engaged in selling at wholesale to retail merchants other common food products and delivering the same by trucks, automobiles or other vehicles, nor from jobbers who have their respective places of business in said city and who sell food products to retail merchants in said city; nor from those who have their places of business outside said city and sell their products through traveling salesmen, United States mail, or by telephone or telegraph communications, and who subsequently deliver such filled orders by means of automobile, truck or other vehicle.

That the use made by plaintiffs of the streets of the city in connection with carrying on of their respective businesses as aforesaid has been to enter and leave said city and to stop for a short period near the places of business of the customers of plaintiffs.

Evidence adduced on behalf of plaintiffs shows that the

daily gross sale of baked products in the city of York of each plaintiff is approximately $3 and the daily net profit on those sales would be approximately 15 cents to each plaintiff.

The city of York derives authority for its ordinance No. 700 under section 16-206, Comp. St. 1929, which provides that cities of the first class, 5,000 to 25,000 population, shall have power to levy an occupation tax "to raise a revenue by levying and collecting a license or occupation tax on any person, partnership, corporation or business within the limits of the city and to regulate same by ordinance, except as otherwise in this chapter provided. All such taxes shall be uniform in respect to the class upon which they are imposed."

That part of ordinance No. 700 with which we are concerned is chapter 15, art. II, which provides: "For the purpose of raising a revenue there is hereby levied an occupation tax upon each and every occupation and business carried on within the corporate limits of the city of York, Nebraska, as hereinafter specified and enumerated; and every person, firm, association or corporation carrying on the occupation or business herein specified within the limits of said city shall pay to the city clerk annually the sum hereinafter named, as a tax upon the occupation or business." Occupations and kinds of business are then enumerated and the different amounts of tax levied against each are set forth and include "bread, pastry or bakery products, sellers of at retail, from truck, automobile or other vehicle, per day $1.00; same, per year $10.00; same, sellers of at wholesale per day $2.00; same, per year $10.00."

Article III of chapter 15 provides the general penalty for violation of the provisions of said chapter 15.

The ordinance by its terms levies an occupation tax upon occupations and kinds or classes of business carried on within the city, and it has repeatedly been held by this court that under the Constitution of this state the legislature may by general law confer upon cities and villages the

power to levy and collect occupation taxes. *Western Union Telegraph Co. v. City of Fremont,* 39 Neb. 692, 58 N. W. 415. And to be valid, a city ordinance imposing an excise or a license tax upon a business or an occupation must be definite in its application to those upon whom the burden falls, reasonable in amount and uniform as to the class upon which it operates. *Petersen Baking Co. v. City of Fremont,* 119 Neb. 212, 228 N. W. 256.

The appellants contend that the York ordinance discriminates in favor of those vendors of common foodstuffs other than bread; those who sell bread, but do not deliver by truck, automobile or other vehicle; and those vendors of bread who do not sell and deliver the product simultaneously by means of truck, automobile or other vehicle. From the part of the ordinance which we have heretofore quoted this contention might seem to be sound. However, the same article of chapter 15 also provides for the levy and collection of an occupation tax upon: "Fruit, vegetables, or other commodities, dealers in, selling or offering for sale, to persons, firms or corporations, for purposes of resale, from railroad car, truck, automobile or other vehicle, per day $2.00. Same, per year $10.00."

Thus it is evident that the ordinance does not discriminate in favor of vendors of foodstuffs other than bread as is advanced by appellants. Neither does it exclude those who sell bread, delivering from truck, but who do not sell from truck. The ordinance includes in one classification for the purpose of taxation all those who sell at wholesale bread or other bakery products who solicit, sell and deliver their products from truck, automobile, or other vehicle, whether they are residents or nonresidents of the city. Those vendors of bread who both sell from and deliver by truck are included. There is no distinction made in the ordinance between vendors of other commodities and vendors of bread and bakery products who use the same method of sale and distribution, although it would appear from the stipulation filed in the district court that such a distinction had been made therein. Although strongly contended by

appellants, both in argument and in their brief, we fail to find any provision of the ordinance which provides for the levy of a tax on vendors who make a sale and deliver simultaneously. The language of the ordinance is: "Sellers of at retail, from truck." The tax is imposed on the sellers and not on the method of delivery. The distinction drawn by appellants for the purpose of showing that the classification of those who carry on business in the same manner as did the plaintiffs is an arbitrary selection and not a lawful classification under the ordinance is not convincing when the ordinance is considered in its entirety.

As is said in *Seabolt v. Commissioners of Northumberland County*, 187 Pa. St. 318, 41 Atl. 22, and followed by this court in *Erwin v. City of Omaha*, 118 Neb. 331, 224 N. W. 692: "Classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition." This court in *Norris v. City of Lincoln*, 93 Neb. 658, 142 N. W. 114, said: "When a city charter authorizes a municipality to require by ordinance a license tax of persons engaged in any occupation, trade, or business carried on within the corporate limits of the city, the municipal authorities may by ordinance classify the different occupations for taxation, and impose different taxation in different amounts upon the different classes; and a classification made by such authorities will not be interfered with by the courts, unless it manifestly appears that it is unreasonable and arbitrary."

It is next contended that the ordinance is excessive and confiscatory. The amount of tax which applies to the appellants as fixed by the ordinance in specific terms is $2 a day on the daily basis, and $10 a year on the yearly basis. The evidence shows the net daily profit on the sales made by each plaintiff in York to be about 15 cents. The amount of tax sought to be collected from each plaintiff was on the yearly basis and we do not think that any court should say as a matter of law that an occupation tax of $10 a year

upon each person, firm or corporation conducting a business within the limits of the city of York, in the same manner and employing the same methods as did the plaintiffs herein, is manifestly unreasonable or confiscatory. Neither must the amount of the tax be governed by the profits of the business taxed.

"The amount of an occupation tax is not to be measured by the profits of the business taxed, but should be considered as one incident to local self-government, and when thus considered it appears *prima facie* reasonable in amount, courts of justice should not declare the ordinance void, unless and until it is clearly shown by competent evidence that the license charge is in fact unreasonable or confiscatory." *City of Grand Island v. Postal Telegraph Cable Co.*, 92 Neb. 253, 138 N. W. 169. The evidence in this case fails to show that the license charge is such as to make it excessive or confiscatory, and in the absence of any such showing the ordinance must be upheld. Contrary to the contention of appellants, we consider that the charge fixed by the ordinance is entirely reasonable, and, considering the expenses incident thereto which fall upon the city, the contention that the ordinance is confiscatory is without merit.

It is further urged by appellants that the ordinance is ambiguous and so indefinite as to be void. *Petersen Baking Co. v. City of Fremont, supra,* is cited, in which it is said in the body of the opinion: "Its application should not be left by city lawmakers to the whim or caprice of taxing or collecting officers. A valid excise or license tax depends on a lawful exercise of legislative power—a power not committed to administrative or police officers." We fail to find any provision of the ordinance under consideration which does not comply with the requirements laid down by the above case. It is difficult to conceive wherein the York ordinance might be considered indefinite. The kind of business to be taxed is definitely named and the amount of the tax to be charged is definitely stated. The applicant, should he desire to conduct the business for one day only,

may pay the charge fixed by the ordinance of $2. If applicant desired a license for a year he may pay the fixed charge of $10. In either case the amount to be charged the applicant is definitely fixed by the ordinance and no officer of the city is called upon to exercise his discretion in regard thereto. The collecting officers are not called upon or required to define any part of the York ordinance nor to use any discretion in the amount to be collected from the applicant because, as we consider it, no such requirements are necessary.

The ordinance in plain, unambiguous language meets every requirement of the law so far as being definite is concerned, and the fact that in this particular case the tax collector granted a half-year permit at a charge of one-half the yearly basis stated in the ordinance does not make the ordinance indefinite or void.

It is further urged that appellants pursue but a part of their business in York and therefore do not fall within the class sought to be taxed under the ordinance, but the decisions of this court in *City of York v. Chicago, B. & Q. R. Co.*, 56 Neb. 572, 76 N. W. 1065, and *Western Union Telegraph Co. v. City of Fremont, supra,* are adverse to the appellants' position.

We are of the opinion that we have disposed of the constitutional objections that have been raised to the ordinance by our conclusions on the other assignments of error. When we consider the ordinance in the light of the precedents established by the decisions of the court of this and other states, we conclude that the ordinance which we have under consideration is definite in its application to those upon whom the burden falls, that it is not excessive or confiscatory, but, on the contrary, is reasonable in amount, and that it is uniform as to the class upon which it operates.

The judgment of the trial court is correct and is

AFFIRMED.