VILLAGE OF UTICA, APPELLEE, V. DALE RUMELIN, APPELLANT.

278 N. W. 372

FILED MARCH 11, 1938.   No. 30230.

*William Niklaus,* for appellant.

*McKillip & Barth, George R. Mann* and *A. Leavens, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

GOSS, C. J.

Defendant was convicted and fined for selling bread products from a truck in Utica without paying the occupation tax.

The amended complaint is in three counts. Each charged defendant with separate sales in Utica by wholesale to a retailer from a truck, without paying the occupation tax levied by the village ordinance. It is conceded that the occupation tax was not paid. The evidence shows that defendant made sales of the products baked by Smith Baking Company of Lincoln, selling at wholesale to business men in the towns along his route, including Utica. Smith Baking Company owned the truck which defendant drove and paid him a salary for his services. Orders were not taken in advance, but he sold the product as opportunity offered in the place where he was at the moment. There were 16 towns on his particular route.

By ordinance 172 the Village of Utica revised all of its then existing ordinances on January 28, 1936, and caused them to be published as the Municipal Code of the Village of Utica, Nebraska. This is in evidence. The subject of chapter 6 is "Occupation Tax." Section 1 provides: "For the purpose of raising a revenue there is hereby levied an occupation tax upon each and every occupation and business carried on within the corporate limits of the Village of Utica, as hereafter specified and enumerated." And section 2 levies the tax upon various occupations. Subdi-

vision B of that section fixes the applicable tax in these words: "Bread, pastry or baking products * * * Sellers of at wholesale, from truck, automobile or other vehicle, per day $1. Same, per year, $10."

The first assignment of error is that the court erred in overruling defendant's motion to dismiss the original and amended complaint.

The first point in the motion to quash and to dismiss the complaint is that it does not show that the alleged offense was committed within the territorial limits of the village of Utica. The complaint charges and the evidence shows that defendant made the sales in Utica.

The second point in the motion to dismiss is that the complaint does not refer to or identify any particular ordinance or section thereby alleged to have been violated and does not refer to any ordinance by number, by date of passage or adoption. While it is true that the complaint did not identify the ordinance by number, it did identify it in language hereinbefore stated. The defendant is presumed to know the law. The fact that it was for an occupation tax and for the sale of bread from a truck at wholesale in the village of Utica would seem a sufficient identification. Certainly the requirements as to pleading of ordinances are no more detailed than the pleading of statutes in a criminal case. It was held in *Sandlovich v. State*, 104 Neb. 169, 176 N. W. 81, that an information, which charges an offense substantially in the language of the statute, and in ordinary, concise language so that a person of average intelligence may know what is intended, is sufficient. Many other cases might be cited. The classical case in Nebraska criminal law holding that complicated and technical forms have been abolished here and that it is only necessary to charge a person in ordinary and concise language so as to apprise him of what he stands charged is that of *Nichols v. State*, 109 Neb. 335, 191 N. W. 333. In that case, while affirming the judgment of conviction, Judge Rose criticized the involved verbiage of the form of information occupying a page and a half of the

printed report and suggested a form condensed to less than six lines. That opinion rendered a valuable service to the profession and to the administration of the criminal law. The suggested form of information is used almost entirely now. We think the point of defendant here is without merit and that the complaint sufficiently identified the ordinance in question.

The third point, that the complaint does not allege that any ordinance has been duly adopted and passed by the village, is sufficiently covered by the description of the "occupation tax levied by the village of Utica," aided by the charge that the failure to pay the tax was contrary to the ordinance; the fourth point, that it was not alleged that any tax had been levied, is plainly covered by the complaint.

The second assignment of error is that the court erred in refusing a jury trial. The complete answer to this is found in *McLaughlin v. State*, 123 Neb. 861, 244 N. W. 799, wherein it was held:

"A prosecution for a violation of a city ordinance, which does not embrace an offense made criminal by the common law or by the laws of this state, is, while in form a criminal prosecution, in fact a civil proceeding to recover a penalty. In such a proceeding, the defendant is not entitled to a jury trial."

It is assigned that the penalty of $25 a day was erroneous because arbitrary, oppressive, excessive, and unreasonable and amounted to taking defendant's property without due process of law in violation of section 1, art. XIV of the Constitution of the United States. The fine of that amount on each of the three counts was imposed by the trial court because defendant arbitrarily refused to comply with the ordinance. As a fine we cannot say that was erroneous. The ordinance itself was apparently reasonable. It levied an occupation tax of only $10 a year on the occupation followed by defendant, or $1 a day if he wished to follow it only for a day.

It must be remembered that defendant's company was in competition with other bakers from cities outside of Utica

as well as with local bakers. Figures were given on behalf of his company, showing, after every possible element of cost was considered, that on all bread manufactured and sold by the company there was one-eighth of a cent profit on each loaf, and that if the company paid the occupation tax of $10 there would be only $2.48 profit left each year. So it cannot be said that the occupation tax is wholly confiscatory. The figures were those given by an officer of the company and they were difficult to question. There was a chance to increase the business done. No figures allocated costs to Utica business or to that done in any particular town or city.

A somewhat parallel case was that of *Gooch Food Products Co. v. Rothman,* 131 Neb. 523, 268 N. W. 468, involving an occupation tax on similar business in York. There the ordinance fixed the occupation tax on sellers from truck at wholesale at $2 a day and at $10 a year. The evidence shows the net profit by the Gooch company in York to be about 15 cents a day. It was held not to be confiscatory and to be valid.

Defendant cites *Petersen Baking Co. v. City of Fremont,* 119 Neb. 212, 228 N. W. 256. In that case plaintiff for itself and for another who assigned its claim each paid $300 a year occupation tax and successfully sued to recover the amounts on the ground that the tax was so excessive and confiscatory as to amount to a prohibition to do business. A mere comparison of the taxes there and here shows that the case is of no value as a rule governing this case.

Under the rule laid down in *Gooch Food Products Co. v. Rothman, supra,* this court declines to declare the ordinance void, because it has not been shown that the tax is unreasonable or confiscatory.

The judgment of the district court is

AFFIRMED.