CITY OF ORD, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, v. CORNELIUS BIEMOND, APPELLANT.

122 N. W. 2d 6

Filed May 24, 1963. No. 35420.

John R. Sullivan, for appellant.

Leonard W. Cronk, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

The sole question involved in this case is the validity of a resolution of the city council of Ord, Nebraska, fixing a rental or permit fee of $100 per month for the privilege of operating a commercial aerial spraying service from the Ord Municipal Airport. The facts are undisputed that the defendant used the facilities of the Ord Municipal Airport for 2 months in a commercial aerial farm spraying operation, and that he failed to pay the use or rental charge which was fixed by the city in an appropriate resolution. The City of Ord sued to recover $200, the amount of the rental for 2 months. After trial, the court rendered judgment for the plaintiff for the sum of $200, and the defendant appeals to this court.

Analyzing the assignments of error presented and argued, there are two questions involved, the resolution of which is necessary for a decision in this case.

1. Did the City of Ord have the power to fix a use or rental charge for the use of its facilities in the operation of a commercial aerial spraying service and was the classification a reasonable one?

2. Was the amount of the charge reasonable?

The Legislature in 1945 enacted a comprehensive "Revised Airports Act," sections 3-201 to 3-238 and 18-1502, R. R. S. 1943, designed to empower municipalities to acquire, establish, construct, improve, operate, and regulate municipal airports. Wide powers, including that of eminent domain, were granted to accomplish this purpose. The power to rent, lease, purchase, and sell equipment is provided for. The act has for its comprehensive design a policy of making available, improving, and facilitating the increasing demand for air transportation.

The statute contemplates the derival of revenue from the imposition of fees or charges for the privilege of using airport facilities and contemplates appropriate and reasonable classification for such purposes in empower-

ing the municipality under section 3-215, R. R. S.. 1943: "To determine the charges or rental for the use of any properties under its control and the charges for any services or accommodations, and the terms and conditions under which such properties may be used; Provided, that in all cases the public shall not be deprived of its rightful, equal, and uniform use of such property. Charges shall be reasonable and uniform for the same class of service and established with due regard to the property and improvements used and the expense of operation to the municipality. To enforce the payment of charges, the municipality shall have a lien and may enforce it, substantially as is provided by law for liens and enforcement thereof, for repairs to or the improvement, storage or care of any personal property; * * *."

The imposition of the charge in this case is obviously for revenue purposes alone, pursuant to the power granted in the statute. The pertinent provisions of the enacted resolution provide: "That any person desiring to use or now using said public field, hangar or premises for commercial purposes or using the same incidental to one's own business shall apply to the Mayor and Council for such permission and receive a permit in writing authorizing such use. * * * that the reasonable lease and rental fee of airport premises, hangars and facilities at the Ord Municipal Airport for persons operating a commercial spraying business therefrom, with or without permission of the local governing body, shall be $100.00 per month * * *."

We determine whether the character of the resolution or ordinance is regulatory under the police power, or primarily for revenue purposes. Testing this resolution on its face, it has no other purpose than the declared requirement of the payment of the fee or charge. No police inspection, supervision, or regulation of the manner of the conduct of the business is established, and no standards are set for the licensee or user to establish or maintain. All that is required is the payment of

$100 per month, and he or anyone else conducting ·a commercial spraying business may operate without hindrance. It, therefore, becomes a revenue measure only. State ex rel. School Dist. v. Boyd, 63 Neb. 829, 89 N.. W. 417, 58 L. R. A. 108; Rosenbloom v. State, 64 Neb. 342, 89 N. W. 1053, 57 L. R. A. 922. The· defendant introduced evidence to the effect that the motivation of the city council was regulatory in objective and that the purpose of the resolution was prohibitive in nature. It is clear that the validity of this action by the city council must be tested by its declared purpose and action which are manifest from an inspection of the pertinent provisions herein attacked. Authorities are cited that relate to the restricted power of a municipality when the fee or charge imposed is for a license for regulatory purposes under the police power. These authorities do not apply because this is a revenue measure and must be tested by the applicable rules of law relating thereto.

The statute here properly delegates the power to the municipality to impose a revenue charge for the use of the facilities of the airport and for the privilege of operating a particular type of business. The validity of the statute, hereinbefore quoted, is not questioned. The statute does require and does declare that charges shall be reasonable and uniform for the same class of service, and imports that the classification shall be reasonable. This court has repeatedly held that a classification separating out commercial businesses or occupations as distinct from the use by the general public is a reasonable classification. It is further held, with reference to such classification upon a business or occupation, that it must be definite in its application to those upon whom the burden falls, reasonable in amount, and uniform as to the class upon which it operates. Gooch Food Products Co. v. Rothman, 131 Neb. 523, 268 N. W. 468; Western Union Telegraph Co. v. City of Fremont, 39 Neb. 692, 58 N. W. 415, 26 L. R. A. 698; Petersen Baking Co. v. City of Fremont, 119 Neb. 212, 228 N. W. 256;

Norris v. City of Lincoln, 93 Neb. 658, 142 N. W. 114, Ann. Cas. 1914B 1194.

Classifications have been upheld imposing different amounts of revenue charges on both widely diverse and closely related commercial enterprises. See, 38 Am. Jur., Municipal Corporations, § 343, p. 32, § 361, p. 50, et seq.; State ex rel. School Dist. v. Boyd, *supra;* Rosenbloom v. State, *supra;* Western Union Telegraph Co. v. City of Fremont, *supra;* Gooch Food Products Co. v. Rothman, *supra;* City of Grand Island v. Postal Telegraph Cable Co., 92 Neb. 253, 138 N. W. 169. For further cases, see 7 Neb. Digest, Licenses, Key Nos. 5½, 6(2), and 7.

The use charge or rental fee that is imposed here for revenue purposes is not a tax, but it is obvious that the Legislature intended that the same restrictions as to classification and uniformity be imposed upon the municipality in making such charges. Testing the applicable resolution by these rules of classification, we can find nothing unreasonable, in either the delegatory statute or the resolution of the Ord city council implementing it, in classifying separately commercial businesses or occupations, or in designating a commercial aerial spraying business as a separate and distinct classification. On the other hand, the record here affirmatively discloses, both directly and by fair inference, that specialized equipment and materials are used, that a truck of the defendant is used frequently on the premises in connection with the business, and that while operating this business the runways and other aviation facilities are used with considerable frequency during the periods of time of the operation of the business. Such considerations clearly indicate a reasonable basis for the exercise of the declared and delegated power invoked in the statute, either for regulatory or revenue purposes.

The defendant further asserts that the resolution is violative of Article I, section 25, of the Constitution of Nebraska, that he is deprived of the equal protection of

the laws, and that it is discriminatory in that the business of commercial aerial spraying is the only one that is subjected to the imposition of the rental or use charge.

The contentions as to uniformity and the singling out of the defendant's business for the imposition of the charge were decided in Richter v. City of Lincoln, 136 Neb. 289, 285 N. W. 593, where an occupation tax on taxicabs was challenged on the same grounds. We point out here that when dealing with municipally owned property and the actual use of special facilities furnished by the city, we deem not only analogous but, therefore, even stronger the following language with respect to classification and uniformity: "There seems to be no similarity between the taxicab business and the several employments which are untaxed by city authorities, relied upon by appellee, save and except that all make use of the streets. That alone is insufficient. * * * There can be no complaint of the city of Lincoln's classification of 'taxicabs' as the subject of imposition of an occupation tax. The classification is not arbitrary and has a reasonable relation to the subject of the particular legislation. It necessarily embraces all that are engaged in the business now taxed. The only constitutional requirement applicable to the situation is that all taxes shall be uniform in respect to the class upon which they are imposed. The facts alleged in plaintiff's petition below wholly fail to effectually challenge the propriety and legality of the classification by the mayor and council, upon which the ordinance in suit is based. The undoubted controlling principles invoked by the present situation are, viz.: * * * 'All occupations need not be taxed. One or more may be taxed and others not taxed. * * * Considerations of general policy determine what the selection shall be in such cases, and there is no restriction on the power of choice unless one is imposed by Constitution. Constitutional provisions requiring equality and uniformity of taxation do not apply to this kind of taxes, and there need be no uni-

formity as between different occupations.' 4 Cooley, Taxation (4th ed.) 3393, sec. 1685." (Emphasis supplied.)

The privilege granted by the rental or use charge imposed herein extends to all facilities of the airport, and is without restriction as to locality, time when used, size of vehicles, limitations on equipment or material used or stored, number of permits for which one might apply, or the number of persons to whom permits would be granted if application were made. It operates uniformly as to all members of the class of commercial aerial sprayers without discrimination. Where such charges for revenue purposes operate alike on all persons similarly situated, they are not invalid as granting special privileges. Erwin v. City of Omaha, 118 Neb. 331, 224 N. W. 692; Richter v. City of Lincoln, *supra.* See generally 16A C. J. S., Constitutional Law, § 464, p. 196.

The defendant challenges the amount, $100 per month, as being unreasonable and confiscatory. In Erwin v. City of Omaha, *supra,* this court had by analogy the same question before it as applied in that case to a tax of $15 a day on peddlers operating "rolling stores" on the streets. In holding such a charge valid, the court said: "In Littlefield v. State, 42 Neb. 223, we held: 'Where such an ordinance is clearly within the general powers of a municipal body it is presumed to be reasonable, and the judicial power of the state will not be exercised to declare it void, unless from its inherent character, or by proofs adduced, it is shown to be unreasonable.' Further, in City of Grand Island v. Postal Telegraph Cable Co., 92 Neb. 253, we held: 'The amount of an occupation tax is not to be measured by the profits of the business taxed, but should be considered as one incident to local self-government, and when thus considered it appears prima facie reasonable in amount, courts of justice should not declare the ordinance void, unless and until it is clearly shown by competent evidence that the license charge is in fact unreasonable or confiscatory.' "

The presumption is, unless the contrary appears, that a use or revenue charge is reasonable in amount, and the burden of proof to establish the contrary is on the protestant. 33 Am. Jur., Licenses, § 46, p. 368, notes 12 and 13, citing Littlefield v. State, 42 Neb. 223, 60 N. W. 724, 47 Am. S. R. 697, 28 L. R. A. 588. Also, the test as to its being reasonable or confiscatory relates to its operation on the class to which it applies, and not its effect on a particular defendant or an isolated case. Gooch Food Products Co. v. Rothman, *supra;* Erwin v. City of Omaha, *supra.*

There is a complete lack of evidence to overcome the presumption applicable or to meet the burden of proof. There is no evidence in the record by which a comparison can be made with the gross or net business revenue of the defendant, or any evidence as to costs of operation, either as to this defendant or as to the class to which the charge applies, or as to the city. There is no evidence as to other material factors that may be considered by the courts. See 53 C. J. S., Licenses, § 19d, p. 522. We observe that the defendant's business is seasonal and may be variable during the crop season. The monthly charge is obviously responsive to these considerations. The courts have upheld license charges based on a seasonal classification. City of Louisville v. Sagalowski & Son, 136 Ky. 324, 124 S. W. 339, 136 Am. S. R. 258.

The use charge for the privilege of operating the business was a reasonable exercise of constitutionally delegated legislative power, and the defendant is subject to and liable therefor. The district court so found, and we affirm its judgment.

AFFIRMED.