COUNTY OF ANTELOPE ET AL., PLAINTIFFS, v. DONALD STENBERG, DIRECTOR OF THE DEPARTMENT OF ADMINISTRATIVE SERVICES OF THE STATE OF NEBRASKA, ET AL., DEFENDANTS.

332 N.W.2d 705

Filed April 21, 1983. No. 82-700.

Vincent Valentino, York County Attorney, and Charles W. Campbell, and Alan L. Brodbeck, Antelope County Attorney, for plaintiffs.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for defendants.

William F. Austin, City Attorney, for amicus curiae City of Lincoln.

Herbert M. Fitle, City Attorney, and Timothy M. Kenny, for amicus curiae City of Omaha.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

WHITE, J.

In this original action the plaintiffs, York County and Antelope County, Nebraska, challenge the constitutionality of 1982 Neb. Laws, L.B. 816, § 4, providing for distribution of state aid to the counties of the State of Nebraska. The challenged portion of that section provides: *"The appropriation provided for in section 77-27,136 for aid to counties* shall be distributed to the various county treasurers of the state ~~as-follows:~~

. . . .

*". . . on the basis of the ratio of the total amount of property taxes levied by the particular county for county purposes to the total amount of property taxes levied by all counties for county purposes based on the amounts stated in the most recent certificate of taxes levied statement submitted by each county to the State Board of Equalization and Assessment pursuant to section 77-628."*

Plaintiffs argue that the formula violates the fourteenth amendment of the U.S. Constitution and article I, § 1, of the Constitution of the State of Nebraska. Plaintiffs further argue certain contentions with respect to the appropriation bill which accompanied L.B. 816. Those contentions are not discussed, as the appropriations were reconsidered, reduced, and reappropriated in L.B. 1, 87th Leg., 1st Spec. Sess. (1982). The issue is moot.

Essentially, we are again dealing with legislative classification as we did in *State ex rel. Douglas v. Marsh,* 207 Neb. 598, 300 N.W.2d 181 (1980).

The standard by which the classification is to be measured against a claim of a violation of the U.S. Constitution was set forth in *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S. Ct. 1153, 25 L. Ed. 2d 491 (1970): "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Con-

stitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality' *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78. 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.' *Metropolis Theatre Co. v. City of Chicago,* 228 U.S. 61, 69-70. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v. Maryland,* 366 U.S. 420, 426.''

The history of the antecedents of L.B. 816 is set forth extensively in *State ex rel. Douglas v. Marsh, supra,* and will not be repeated here. In reviewing our cases on the subject of the Legislature's power to classify, the rule, stated in various ways, reduces itself to a rational standard. See, *State ex rel. Douglas v. Marsh, supra*; *State v. Kelso,* 92 Neb. 628, 139 N.W. 226 (1912); *City of Scottsbluff v. Tiemann,* 185 Neb. 256, 175 N.W.2d 74 (1970).

On any conceivable state of facts, can it be said that the formula in L.B. 816, § 4, is rational and is based on some reason of public policy? We believe it can be so said.

The purpose of L.B. 816 is to partially relieve the property tax burden by shouldering part of the county budget through state revenue sources. The determination that one tax source is to be preferred over another is a classic legislative function. Given this premise, is the method reasonable? Again, we conclude that it is. The property tax burden is lifted in the proportion that the county expenditure bears to the expenditure of all the counties. The formula is not fixed but will necessarily vary from year to year. The method chosen by the Legislature need not be perfect. The amount of the expenditure can at least arguably be related both to population and to total assessed value; certainly, it is related to need. We find no defect in the formula.

We therefore find for the defendants and sustain the constitutionality of 1982 Neb. Laws, L.B. 816, § 4.

JUDGMENT FOR DEFENDANTS.