REQUESTED BY: Senator Tom Vickers Nebraska State Legislature 1110 State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
We are writing to respond to your letter dated April 21, 1983, requesting our opinion on certain sections of LB 198. We will respond to the six questions in the order asked.
First, you inquire whether the fee authorized is in the nature of a severance tax, special assessment or a charge for services or commodity provided.
The differentiation between a tax and an assessment has been stated:
 While taxes for revenue . . . are the exactions placed upon the citizen for the support of the government, paid to the state as a state, the consideration of which is protection or public service by the state, special or local assessments . . . are imposed upon property within a limited area for the payment for a local improvement supposed to enhance the value of all property within that area.
70 Am.Jur.2d, Special or Local Assessments, § 1 at 842-843.
The Supreme Court has recognized that `a tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government.'Carmichael v. Southern Coal Coke Co., 301 U.S. 495,521-523 (1937), as quoted in Commonwealth Edison Co. v.Montana, 453 U.S. 609, 622-623 (1981). In CommonwealthEdison Co., supra, the court recognized that a state's imposition of a severance tax on each ton of coal extracted in the state, the tax being levied at varying rates depending upon the value, may be characterized as a general tax.Id. at 624.
The distinction between fees for services or goods provided and special assessments is not so easily made. Tolls and fees for goods or services provided are not taxes. 71 Am.Jur.2d, State and Local Taxation, §§ 10 through 18 at 350-354. Our Supreme Court in City of Ord v. Biemond,175 Neb. 333, 122 N.W.2d 6, 10 (1963), held that the use charge or rental fee that is imposed for use by commercial aerial sprayer of the city airport is not a tax but a fee for use of the city facilities.
It is our conclusion that the fee authorized by Section 12 of LB 198 is neither a severance tax nor a special assessment, but a charge for the service of providing the water storage for the landowner.
You next inquire whether there is any constitutional difficulty because landowners may be charged a fee for the incidental underground water storage even though they are outside of the boundaries of the irrigation district or do not have a contract with the district for delivery of water. The Due Process Clause of the United States Constitution `mandate that some kind of hearing is required sometime before a state finally deprives a person of his property interests. The fundamental requirement of due process is the opportunity to be heard and it is an `opportunity which must be granted at a meaningful time and in a meaningful manner.'Armstrong v. Manzo, 380 U.S. 545, 552 (1965).' Parratt v.Taylor, 451 U.S. 527, 540 (1981).
LB 198, Section 15, provides that the levying of such fees shall be in accordance with the rules of the Department of Water Resources adopted pursuant to Neb.Rev.Stat. 46-209
(Reissue 1978). That statute and the rules adopted pursuant thereto provide for hearings before the Director of Water Resources concerning contested applications. Orders of the Director of Water Resources are appealable to the Nebraska Supreme Court directly pursuant to Neb.Rev.Stat. 46-210
(Reissue 1978). We are satisfied that a landowner subject to charge for incidental ground water storage has a meaningful opportunity to be heard prior to imposition of such a charge in conformity with due process of law.
Third, you ask whether the procedures for recognition of incidental underground storage are adequate to define the scope of the storage in terms of the specific acres covered and whether those potentially subject to the fee have an adequate opportunity to challenge designation of the area. The requirements of due process of law are set out in answer to the previous question. We note no violation in either respect.
Lastly, you inquire whether there are any constitutional problems with charging the same fee of 50 cents to a landowner benefiting by the incidental storage of ground water irrespective of the amount of benefit. There is no doubt that the Legislature may create certain classifications, treating them differently as long as the discrimination is founded upon a reasonable distinction or difference in state policy. State v. Sprague, 213 Neb. 581, 591, ___ N.W.2d ___ (1983). Our Supreme Court in County of Antelope v.Stenberg, 214 Neb. 150, 151-152, ___ N.W.2d ___ (1983), has recognized:
 The standard by which the classification is to be measured against a claim of a violation of the U.S. Constitution was set forth in Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970): `In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some `reasonable basis,' it does not offend the Constitution simply because the classification `is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Carbonic Gas Company, 220 U.S. 61, 78. `The problems of government are practical ones and may justify, if they do not require, rough accommodations illogical, it may be, and unscientific.' Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69-70.
It is our conclusion that LB 198 does not violate the Equal Protection Clause of the United States Constitution by failing to subdivide the classification which it has created.
In conclusion, in answer to the questions you have asked, we perceive no constitutional problems.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General